UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60083-CR-SINGHAL

UNITED STATES OF AMERICA

v.

THONY GUILLAUME,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT THONY GUILLAUME'S AMENDED MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, through the undersigned Assistant United States Attorney, hereby files this response in opposition to the Defendant's Amended Motion to Modify Conditions of Release [DE 44] and requests that his motion be denied.

**Factual Background**

1. This is a tax preparer fraud case. The Second Superseding Indictment alleges that from approximately February 2011 through approximately May 2016, the Defendant conspired to file numerous false and fraudulent tax returns for customers at a company called Unity Tax & Financial Services, Inc. ("Unity Tax"). Co-Defendant Nikency Alexis owned and operated Unity Tax, while Thony Guillaume, Nikency Alexis' cousin, worked there.

2. In April of 2016, the IRS obtained a federal search and seizure warrant and seized the Unity Tax customer files. While the search warrant effectively shut down Unity Tax, the Defendant continued to file numerous false

and fraudulent tax returns through 2019 at other tax preparation firms. The Defendant listed the identification of other individuals as the tax preparer instead of using his name and Tax Preparer Tax Identification Number as the tax preparer.

3.  In all, the Second Superseding Indictment charges the Defendant with a total of 24 substantive counts of aiding and assisting in the preparation and presentation of false tax returns and a single count of conspiring to defraud the United States. The Defendant faces a total of 77 years' imprisonment.

### Defendant's Pertinent Bond Conditions

4.  The Defendant is currently released on a $250,000 personal surety bond and a $30,000 10% bond with various special conditions [DE 16]. The relevant special conditions include that he may not visit commercial transportation establishments and that he must notify Pretrial Services of travel plans before leaving the Southern District of Florida and upon returning to the Southern District of Florida [DE 16].

### Defendant's Request for Bond Modification

5.  The Defendant requests that his bond be modified so that he can travel to Indiana on September 6, 2021 to start a new job as a long-distance truck driver with a company called Schneider [DE 44:2]. The Defendant claims that he must first "attend orientation in Indiana," and then will be "training on the road, driving from state to state as a CDL driver [DE 44:2]." The Defendant further explains that due to his training

requirements, the Defendant "will not be staying in one State and therefore cannot provide an address of where he will be staying [DE 44:2]." Finally, he explains that he cannot be specific on when he would be "returning due to the requirements of his training which may be affected by weather, COVID, and other factors [DE 44:2]."

6. After the Defendant's motion was filed, the Defense provided, via email, the address of where he would be located when he arrived in Indiana and that he would be gone for 21 days. The Defense also stated that once he arrived he would be given an itinerary.

7. Despite the Defense's follow-up information, the Government objects to the Defendant's request for leave because there are still too many uncertainties about the Defendant's travels while in Indiana and beyond. For instance, it is unclear whether he will remain in Indiana throughout the 21-days or where he would be traveling to throughout the 21-days. Indeed, the Defendant's motion explicitly states that he would not be staying in one State and cannot provide an address of where he would be.

8. These ambiguities are unacceptable. The onus is on the Defendant to specifically describe his travel outside the district. The Defendant's motion plus the supplemental information provided to the Government lacks specificity of where the Defendant will be, who he will

be with, when he will be at a specific location, how long he will be at a specific location, and when he will return.

9. The Defendant's motion further fails to explain how the Defendant will be able to answer these basic questions in the future as a full-fledged long-distance truck driver.

10. While the Government wants the Defendant to seek and maintain employment during the pendency of the case, it cannot be at the cost of not precisely knowing his travel outside the Southern District of Florida.

WHEREFORE, the Defendant's motion should be DENIED.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *Deric Zacca*
Deric Zacca
Assistant United States Attorney
Florida Bar No. 151378
United States Attorney's Office
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394
Tel: (954) 660-5789
Email: deric.zacca@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 25, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*Deric Zacca*
Deric Zacca
Assistant United States Attorney