UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CR-60083-AHS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THONY GUILLAUME,

    Defendant.
_____/

**MOTION FOR REHEARING AND/OR MOTION FOR RECONSIDERATION OF ORDER**

    COMES NOW the Defendant, THONY GUILLAUME (hereinafter "GUILLAUME"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida and the Federal Rules of Criminal Procedure, and would hereby file this his Motion for Rehearing and/or Motion for Reconsideration of the Order entered by the Magistrate denying GUILLAUME'S Motion and Amended Motion for Authorization to travel that was entered on September 1, 2021 (DE:51). As grounds in support of this motion, GUILLAUME would state the following:

RELEVANT FACTS

    1.    On March 17, 2021, an eighteen count Indictment was issued charging GUILLAUME and Nikency Alexis with Conspiracy to Defraud the United States in violation of 18 U.S.C. §371 (Count I); Aiding and Assisting in the Preparation and Presentation of a False Tax Return in violation of 26 U.S.C. §7206(2) (Counts ten through sixteen). (DE:3)

    2.    Currently GUILLAUME is out on bond with certain restrictions. (DE:7; 17).

    3.    On May 14, 2021, the government filed a Superseding Indictment charging

GUILLAUME and Nikency Alexis with Conspiracy to Defraud the United States in violation of 18 U.S.C. §371 (Count I); Aiding and Assisting in the Preparation and Presentation of a False Tax Return in violation of 26 U.S.C. §7206(2) (Counts ten through thirteen). (DE:24)

4. GUILLAUME is seeking employment as a long distance truck driver with a company called Schneider. As such, GUILLAUME filed his Motion and Amended Motion for Authorization to Travel for employment purposes and alleged the following:

> (a) GUILLAUME must attend orientation in Indiana and will be training on the road, driving from state to state as a CDL driver.
>
> (b) GUILLAUME will be leaving from Fort Lauderdale on September 6, 2021 and will be gone for 21 days
>
> (c) GUILLAUME will be staying at 7236 Western Select Drive, Indianapolis, IN 46219.
>
> (d) GUILLAUME will be receiving an itinerary from the company and counsel will provide same to the Court upon receipt of same.
>
> (e) The employer is buying GUILLAUME's airline ticket.
>
> (f) GUILLAUME has contacted his probation officer to discuss said traveling request.
>
> (g) GUILLAUME has made all appearances at all court proceedings and is in complete compliance with all pretrial release requirements.

5. On September 1, 2021, the Magistrate denied GUILLAUME'S Motion to Travel. In denying said Motion, the Magistrate concluded that the Magistrate "does not believe that the job of long distance truck driver is appropriate employment for this Defendant". (DE:51)

6. On September 2, 2021, GUILLAUME received the attached offer of employment letter from Schneider where GUILLAUME is being offered a position as a truck driver. The orientation program begins September 7, 2021, at 7:00 a.m. Hotel and travel are being provided by Schneider. According to the letter, orientation will be for 18 days in which GUILLAUME will be classes and on the road with a trainer/teacher. All in all, he will be supervised by Schneider representatives and/or employees. See Exhibit "A".

## MEMORANDUM OF LAW

Although the rules do not specifically provide for a Motion for Rehearing, the Supreme Court and the Eleventh Circuit have permitted motions for reconsideration in criminal cases. *United States v. Ibarra,* 502 U.S. 1, 6-8, 112 S.Ct. 4, 6-7 (1991). Thus, reconsideration motions in the criminal context are well-taken when they present one or more of the following: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *See e.g., United States v. Martinez,* 2011 WL 5101973, (S.D. Fla., October 25, 2011). In the case at bar, GUILLAUME argues that the denial of his Motion to Travel wherein he was seeking permission to travel in order to obtain employment that was not within the scope of his past employment from which the charges against him arose, was clearly erroneous and said denial must be reconsidered as said denial is a manifest injustice in that the Court is preventing GUILLAUME from seeking employment and the right to support his family.

Federal courts have struggled to define the phrase "manifest injustice," but several have relied upon the Black's Law Dictionary definition which states that it is "an error in the trial court that is direct, obvious, and observable ... patently unfair" and "apparent to the point of being indisputable." *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015) (manifest injustice must

entail "a result that is fundamentally unfair in light of governing law"). These descriptors are clearly applicable to the denial of GUILLAUME'S Motion to Travel.

Furthermore, said definition of being "unfair" is clearly applicable to the Magistrate's finding that he "does not believe that the job of long distance truck driver is appropriate employment for this Defendant". (DE:51). It must be pointed out that GUILLAME is charged with defrauding the United States in violation of 18 U.S.C. §371 (Count I) and aiding and assisting in the preparation and presentation of a false tax return in violation of 26 U.S.C. §7206(2) (Counts ten through sixteen). He was not charged with drug smuggling, drug distribution or anything that would be assisted by GUILLAUME being a truck driver. If he is driving for a living, he will not be on a computer and/or filing tax returns. As such, the Magistrate in ruling as he did is preventing GUILLAUME the opportunity to seek legitimate employment, outside of the type of employment he had that led to the charges against him, and the ability to support his family.

Finally, in its Order, the Magistrate references the government's opposition to the motion "because the information provided [in the motion] is too ambiguous" and the Magistrate agreed. (DE:51). However, in the amended Motion, GUILLAUME provided the Court where he would be staying, for how long he would be away and further advised that he would provide his counsel with additional information as same was provided by his employer. Said information was provided and is attached hereto as Exhibit "A". As such, the government's opposition that the information is not "too ambiguous" is not supported by the information provided in both the Motion and Amended Motion and attached to this Motion.

WHEREFORE, GUILLAUME prays that the Court grant his Motion for Rehearing and vacate its previous order denying GUILLAUME's Motion and Amended Motion for

Authorization to Travel in order for GUILLAUME to obtain employment with a legitimate employer; doing legitimate work so as to support his family.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,<br>
JOFFE LAW, P.A.<br>
Attorney for Defendant<br>
The 110 Tower Building<br>
110 S.E. 6th Street, 17th Floor, Suite 1700<br>
Ft. Lauderdale, Florida 33301<br>
Telephone:    (954) 723-0007<br>
Facsimile:    (954) 723-0033<br>
davidjjoffe@aol.com<br>
<br>
By: /s/ David J. Joffe<br>
DAVID J. JOFFE, ESQUIRE<br>
FLORIDA BAR NO. 0814164